## EMMETT IRR. DIST. v. SEYMOUR et al.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1921.)

Nos. 3488, 3494.

**Waters and water courses ⬤230(2)—Bonds of irrigation district valid.**

Where a statute authorizing an issue of bonds by an irrigation district provided that a certain percentage of the issue should be payable on dates specified and the bonds themselves contained the same provision but followed by a recital of the numbers of the bonds maturing on each date, the fact that the bonds so numbered did not correspond in amount with the first provision, those due on the earlier date being less in amount and those on the later date greater by the same amount, *held* not to invalidate the bonds.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Actions at law by Edmund Seymour and others, as a committee representing bondholders, against the Emmett Irrigation District. Judgment for plaintiffs, and defendant brings error. Affirmed.

See, also, 227 Fed. 560, 142 C. C. A. 192; 253 Fed. 316, 165 C. C. A. 98.

Actions at law to recover the interest represented by coupons on outstanding bonds of the plaintiff in error, the sum of which coupons amounts to $262,410 in case No. 3488, and $53,502 in case No. 3494, total $315,912.

Wood & Driscoll, of Boise, Idaho, and Thompson & Bicknell, of Caldwell, Idaho, for plaintiff in error.

Richards & Haga, McKeen F. Morrow, and J. L. Eberle, all of Boise, Idaho, for defendants in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. This is the third time this controversy has come before this court. It was first here in the case of Thompson

v. Emmett Irrigation District, decided August 9, 1915, and reported in 227 Fed. 560, 142 C. C. A. 192.

The present actions are brought by the defendants in error, as a committee appointed by the owners of certain bonds and interest thereon, issued by the plaintiff in error as provided in section 2397 of the Revised Codes of Idaho, to recover from the said plaintiff in error the interest on said bonds maturing and due and payable on the 1st day of January, 1914, and semiannually thereafter, to wit, during the years 1914, 1915, 1916, 1917, 1918, and 1919, and represented by interest coupons transferred to said committee amounting in the aggregate to $315,912.

In Thompson v. Emmett Irr. Dist., decided August 9, 1915, 227 Fed. 560, 142 C. C. A. 192, this court held that the bondholders had the right to maintain a suit in equity for the purpose of determining the amount of bonds and the particular bonds that had been legally issued by the irrigation district, and were then outstanding, and what coupons were entitled to share in the interest fund then held by the treasurer of the district.

The case was thereafter tried by the district court and a decree entered by that court on July 16, 1917. Before the case came on for trial in the district court, a number of bondholders were added as plaintiffs on the record; and the suit was brought, not only on behalf of those whose names appeared on the record, but also on behalf of all other bondholders of the Emmett irrigation district similarly situated.

By the decree entered in that suit, it was adjudged and decreed:

"That the coupon bonds of the defendant Emmett irrigation district * * * with the unpaid coupons thereto belonging, being bonds numbered, * * * were legal and valid obligations of said Emmett irrigation district."

Provision was made in that decree for the payment, out of the interest fund in the custody of the treasurer of the district, of the coupons that had matured in 1914 and belonging to the bonds so declared to be legal and valid. From that decree an appeal was taken by the irrigation district to this court, and on October 7, 1918, the decree of the trial court validating certain bonds and the coupons thereto attached was affirmed. Emmett Irr. Dist. v. Thompson, 253 Fed. 316, 165 C. C. A. 98.

A petition for rehearing was denied by this court, and after the decree became final, Edmund Seymour, Dr. A. N. Gaebler, and John R. Morrow, a bondholders' committee representing the owners of bonds and coupons deposited with the committee and declared valid by said decree, brought the two present actions in the District Court, one on December 31, 1918, on the coupons maturing January 1 and July 1, 1915, 1916, 1917, and 1918, amounting to $262,410, and the other action was brought August 2, 1919, on the coupons maturing January 1 and July 1, 1919, amounting to $53,502. The actions were identical, except as to the number and date of maturity of the coupons, and the coupons involved in both actions were coupons which had been declared valid and legal obligations of the district in the decree affirmed by this

court on October 7, 1918. Both actions were tried on the 8th day of October, 1919, and outside of the introduction of the coupons in evidence and a stipulation admitting the facts, both cases were submitted on the evidence before this court in Emmett Irrigation District v. Thompson, 253 Fed. 316, 165 C. C. A. 98, subject only to the general objection on the part of plaintiffs that such evidence was immaterial.

No request for special findings was made by either party.

During the pendency of the action, a portion of the coupons involved were paid by the district so that the judgment appealed from entered in case No. 3488 amounted to the sum of $205,227, and in case No. 3494 the sum of $51,351.

From these judgments both cases are here upon writs of error.

In 1911 the Emmett irrigation district, located in Gem county (formerly Canyon county), Idaho, issued bonds to the amount of $897,000. The bonds were of the denominations of $100, $500, and $1,000, respectively, and except as to numbers, amounts, and date of maturity, were identical in form and of like tenor and effect. The form of the bond is set forth in the complaint. It recites, among other things, that the bond is one of a series of bonds aggregating $1,100,000 in amount and issued by the Emmett irrigation district by authority of an act of the Legislature of the state of Idaho, relating to irrigation districts, providing for the organization thereof and for the acquisition of water and other property and for the distribution of water thereby for irrigation purposes.

It was recited that the series were to consist of 262 bonds of the par value of $1,000 each, numbered consecutively from M–1 to M–262, inclusive; 1646 bonds of the par value of $500 each, numbered consecutively from D–1 to D–656, inclusive; and 150 bonds of the par value of $100 each, numbered consecutively from C–1 to C–150, inclusive, making the total authorized issue of $1,100,000; but as before stated the bonds actually issued and sold or otherwise disposed of amounted to $897,000. The statute of Idaho (section 4360, Compiled Statutes of 1919) under which these bonds were issued provided, among other things, that—

"The bonds of each issue shall be numbered consecutively, commencing with those earliest falling due. * * * At the expiration of 16 years, 10 per cent. * * * At the expiration of 20 years, 16 per cent."

These bonds were numbered consecutively as required by the statute and made payable in certain specified amounts commencing January 1, 1922, and ending January 1, 1931. Among other payments to be made, it was recited that on January 1, 1927, $110,000 in amount was to be paid, but this recital was followed by the specific statement as to the consecutive number of the bonds to be paid, "being bonds numbered from M–43 to M–57 inclusive, and from D–657 to D–826 inclusive." These bonds were issued in amounts of $1,000 and $500, respectively, as before stated. The bonds were therefore 15 bonds of $1,000 each, $15,000, and 170 at $500 each, $85,000, making a total of $100,000 instead of $110,000 as stated in the preliminary recital. It was also recited that on January 1, 1931, $176,000 in amount was to be paid,

but this preliminary recital was followed by the specific statement as to the consecutive number of the bonds to be paid, "being bonds numbered from M–193 to M–262 inclusive, and from D–1415 to D–1646 inclusive." The bonds were therefore 70 bonds of $1,000 each, $70,000, and 232 bonds at $500 each, $116,000, making a total of $186,000, instead of $176,000 as stated in the preliminary recital.

It will be observed that the preliminary recitals of the two aggregate amounts, viz., (1) $110,000 due and payable January 1, 1927, and (2) $176,000 due and payable January 1, 1931, amount to $286,000, that the aggregate of the bonds due and payable at the two dates named by the consecutive number and amount of each bond amounts to identically the same sum, viz., $286,000, as follows:

Due and Payable January 1, 1927.

15 bonds consecutive Nos. M–43 to M–57 at $1,000 each............$ 15,000
170 bonds consecutive Nos. D–657 to D–826 at $500 each...........  85,000

Due and Payable January 1, 1931.

70 bonds consecutive Nos. M–193 to M–262 at $1,000 each..........  70,000
232 bonds consecutive Nos. D–1415 to D–1646 at $500 each.......... 116,000

Total ...................................................$286,000

It follows that if the recitals for these two issues are taken together there is no excess in the total of the two issues. But there is no evidence in the record that the bonds themselves have been examined and the fact determined whether $110,000 of the bonds are made payable on the 1st of January of the sixteenth year or only $100,000, nor whether $186,000 of the bonds are made payable on the 1st of January of the twentieth year or only $176,000.

All we have in the record before us are the recitals in the form of the bond in the complaint, the correctness of which is not admitted in the answer.

This state of the evidence is sufficient to justify the affirmance of the judgment. But passing this objection for the reason that the actual fact may be supplied by evidence and when supplied would not change the result, we proceed to the remaining question. Does the difference in the preliminary recitals as compared with the statement of the consecutive numbers and amounts of the bonds in detail invalidate the bonds? Where recitals in bonds are contradictory, those which are operative and in detail specifically identifying the bonds by consecutive numbers must prevail. 24 Am. & Eng. Enc. of Law, p. 59, and authorities there cited. But counsel for the plaintiff in error states the question in another form. They say the extension of the date of the payment of bonds amounting to $10,000 in excess of 16 per cent. made payable January 1, 1931, was unlawful, and the defendant in error cannot recover for any of the coupons in suit for that reason. This is not a suit on the bonds. The principal of the first bonds due and payable does not accrue until January 1, 1922, and the issue to which objection is made does not accrue until January 1, 1931. This suit is to recover the interest on coupons representing interest already due and payable. The validity and legal obligation of these coupons

depending as they do on the validity of the bonds was determined by this court in Emmett Irrigation District v. Thompson, 253 Fed. 316, 165 C. C. A. 98. We there said:

"We agree with the court below that the objections made to the form of the bonds and the manner of their issuance are without merit. The provisions of the statute under which they were issued are quite different from those of the California statute considered by this court in the case of Wright v. East Riverside Irr. Dist., 138 Fed. 313, 70 C. C. A. 603, and therefore the decision in that case is not in point."

The judgment of the court below is affirmed.